*120
SUMMARY ORDER

Petitioner GuiWei Pan, a native and citizen of the People’s Republic of China, seeks review of the March 10, 2008 order of the BIA, affirming the March 26, 2007 decision of Immigration Judge (“IJ”) Helen Sichel denying his motion to reopen. In re GuiWei Pan, No. A073 580 107 (B.I.A. Mar. 10, 2008), aff'g No. A073 580 107 (Immig. Ct. N.Y. City Mar. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the1 agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shoo v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Pan’s untimely motion to reopen.
Pan argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Finally, the BIA’s determination that Pan was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008). While Pan is correct that the Supreme Court in Dada v. Mukasey, — U.S. -, 128 S.Ct. 2307, 2317, 171 L.Ed.2d 178 (2008) was concerned with safeguarding an alien’s statutory right to file a motion to reopen, it explicitly acknowledged that such motions are subject to time and numerical limitations. See id. at 2315-16. This Court’s decision in Yuen Jin does not foreclose an alien’s opportunity to pursue a successive asylum application; rather, it merely clarifies that a successive asylum application must be filed in accordance with the procedural requirements applicable to motions to reopen. See Yuen Jin, 538 F.3d at 156.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).